**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION**

| | § | |
|---|---|---|
| IN RE: JOHN VANOUS, | § | Civil Action No. 7:21-cv-0052-M-BP |
| TDCJ No. 2084056 | § | |
| | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

John Vanous ("Plaintiff") is an inmate in the James V. Allred Unit of the Texas Department of Criminal Justice in Iowa Park, Texas. ECF No. 1. On July 2, 2021, he filed an action requesting a name change. *Id.* However, he neither paid the Court's filing fee nor submitted a request to proceed *in forma pauperis*. *Id.* Accordingly, the Court issued a Notice of Deficiency and Order ("Order") on July 12, instructing him to pay the filing fee or file a motion to proceed *in forma pauperis* by August 11, 2021. ECF No. 4. The Order warned Plaintiff that failure to comply might result in dismissal of the case without further notice. *Id.* As of the date of this order, Plaintiff has neither paid the filing fee nor filed a motion to proceed *in forma pauperis*.

Under Federal Rule of Civil Procedure 41(b), the Court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order . . . ." Fed. R. Civ. P. 41(b). Plaintiff did not comply with the Court's July 12 Order despite being warned him that failure to comply might result in dismissal of his case. Consequently, Plaintiff's case should be dismissed. Accordingly, the undersigned **RECOMMENDS** that Chief Judge Barbara M. G. Lynn **DISMISS** this action **WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 41(b) for failure to prosecute or comply with court orders.

In addition, the undersigned finds after review of the pleadings that Plaintiff has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims

debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000). Accordingly, the undersigned **RECOMMENDS** that Chief Judge Lynn **DENY** Plaintiff a Certificate of Appealability pursuant to Fed. R. App. P. 22(b) and 28 U.S.C. § 2253(c).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on September 7, 2021.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE